Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5830 | **DATE** | September 2, 2011 |
| **CASE TITLE** | Shauntae Robertson (#R-63300) vs. Jane Doe Dentist, et al. | | |

**DOCKET ENTRY TEXT:**

Summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copy) naming a supervisory official in a position to identify the John Doe defendants. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, health care providers at the Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical/dental needs. Specifically, Plaintiff alleges that he was denied care and treatment for painful complications following a tooth extraction. Plaintiff has paid the statutory filing fee.

Plaintiff must submit an amended complaint, as he has not named a proper defendant. All of Defendants are identified as John or Jane Does. Plaintiff cannot obtain damages from Defendants unless he serves them (or obtains waivers of service) in accordance with FED. R. CIV. P. 4, which he cannot do without knowing their names. In this circuit, when a *pro se* plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of Defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wishes to pursue his claims, he should amend the complaint to add as defendant a supervisory official or administrator who is in a position to identify the John Doe defendants, such as Stateville's warden.

| | mjm |
|---|---|

**STATEMENT  (continued)**

Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of Defendants who allegedly violated Plaintiff's constitutional rights.  *See* FED. R. CIV. P. 33.  After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John and Jane Does.  Summonses will then issue for service on Defendants in interest and the supervisory Defendant will be dismissed.  Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible.  *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, Plaintiff is granted thirty days in which to submit an amended complaint naming as Defendant a supervisory official whom Plaintiff can serve and who can assist Plaintiff in identifying the John and Doe defendants by name.  Plaintiff must complete the amended complaint on the forms required by Local Rule 81.1 (N.D. Ill.) and provide the clerk with the original and two copies.  The clerk will provide Plaintiff an amended civil rights complaint form and instructions along with a copy of this order.  Failure to comply within thirty days will result in summary dismissal of this case.