Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5830 | **DATE** | October 20, 2011 |
| **CASE TITLE** | Shauntae Robertson (#R-63300) vs. Jane Doe Dentist, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) file the amended complaint; (2) add Warden Marcus Hardy as a Defendant; (3) issue summons for service on Defendant Hardy by the U.S. Marshal; and (4) send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#3] is denied, without prejudice.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that health care providers at the Stateville Correctional Center violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical/dental needs. Specifically, Plaintiff alleges that he was denied needed care and treatment for painful complications following a tooth extraction. As directed, Plaintiff has submitted an amended complaint naming the prison's warden, who can assist Plaintiff in identifying the John and Jane Doe Defendants.

The Clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Hardy. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(D)(2) before attempting personal service. Plaintiff is once again advised that he must identify the John Does as soon as possible to avoid any statute of limitations issues. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

F.3d 1001, 1006 (7th Cir. 2006). The district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. The court declines to so at this time, however. Plaintiff appears capable of presenting his case. Although Plaintiff professes that he is illiterate, he has had the ability to initiate four lawsuits in this court alone since April, an indication that he has the wherewithal to litigate. *See, e.g., McCree v. Grissom*, --- F.3d ----, 2011 WL 4375639, *1 (7th Cir. Sep. 20, 2011) (per curiam) (a prisoner's ability to file multiple motions "illustrates that he had and used his access to the courts"). Plaintiff's submissions, moreover, have been coherent and articulate.

Furthermore, taking anti-depressant medication does not give rise to the "exceptional circumstances" noted in *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking anti-depressants is to allow the person taking them to think and act rationally"). Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. The court does not require that Plaintiff's pleadings be typewritten and will grant Plaintiff wide latitude in the handling of his case.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **Plaintiff is once again reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.